IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ABDUL KHAIR, *et al.*,         )
                               )
    Plaintiffs,              )
                               )
        v.                   )
                               )    1:10cv410 (JCC)
COUNTRYWIDE HOME LOANS,        )
INC., *et al.*,                )
                               )
    Defendants.              )

**M E M O R A N D U M   O P I N I O N**

    This case is before the Court on a Motion to Dismiss filed by Countrywide Home Loans, Inc. ("Countrywide"), Bank of America, NA ("BOA"), and Mortgage Electronic Registration Systems, Inc. ("MERS") [Dkt. 5,] a Motion to Dismiss filed by SDE Suburban Development Engineering, Inc. ("SDE") (collectively with Countrywide, BOA, and MERS, the "Defendants") [Dkt. 2,] and an alternative Motion for a More Definite Statement filed by SDE under Rule 12(e) [Dkt. 3.]  Also before the Court is Plaintiffs' Motion for Extension of Time to respond to SDE's motions.  [Dkt. 11.]  For the following reasons, the Court will grant Defendants' unopposed Motions to Dismiss.[1]

---

[1] The Court notes that Plaintiffs' Motion for Extension of Time was filed after being informed that the Motions to Dismiss would be decided without hearing.  After considering both the Plaintiffs' Motion for Extension of Time

1

**I. Background**

Abdul Farid Khair ("Khair") and Mari Khair (together the "Khairs") and Nariman Sultanzada ("Sultanzada") (collectively, the "Plaintiffs") hold title in fee simple to certain real property in Fairfax County, Virginia at the address 7228 Braddock Road, Annandale, Virginia 22003 (the "Property"). (Compl. ¶¶ 1, 4.) Defendant Countrywide is or was a mortgage lender incorporated under the laws of the State of New York and authorized to conduct business in Virginia. (Compl. ¶ 5.) BOA is a federally chartered bank authorized to conduct business in Virginia. (Compl. ¶ 7.) SDE is a private Virginia company offering engineering services, and was hired by the Plaintiffs to perform the requisite procedures to authorize the construction of the Property on a lot purchased by the Plaintiffs. (Compl ¶ 10.) Defendant MERS had its last known principal place of business at 1818 Library Street, Suite 300, Reston, VA 20190. (Compl. ¶ 11.)[2]

Countrywide is identified as the "lender" in a Construction Loan Agreement ("CLA") and Deed of Trust entered into on or about December 22, 2005. (Compl. ¶¶ 6, 20.) Plaintiffs concede that individual defendant Samuel I. White,

---

[Dkt. 11] and SDE's Opposition [Dkt. 12], this Court will deny Plaintiffs' Motion for Extension of Time.
[2] Plaintiffs also name additional defendants, as yet unknown to them, as John Does 1-50. (Compl. ¶ 13.)

P.C. ("White," also a "Defendant") is identified as the "trustee" under the Deed of Trust. (Compl. ¶ 12.) BOA has represented to the Plaintiffs that it is successor to the rights and interest of Defendant Countrywide in the CLA and the Deed of Trust. (Compl. ¶ 8.) To date, no notice of default has been delivered to the Plaintiffs "in a manner that conforms to the requirements of the CLA or Deed of Trust." (Compl. ¶ 35.) However, "sometimes [sic] in March 2010, Plaintiffs received a foreclosure notice with a sale date of March 18, 2010." (Compl. ¶ 50.)

On March 17, 2010, Plaintiffs filed this Complaint in the Circuit Court for Fairfax County, Virginia. [Dkt. 1.] The Complaint contains six counts and seeks monetary damages against all Defendants, punitive damages in the amount of one million dollars and injunctive relief prohibiting "any action which would result in Plaintiff[s] being ousted" from the Property. [Dkt. 1.] In these six counts, the Plaintiffs allege: "Failure to Provide Proof of Standing to Foreclose" against Countrywide, BOA, White, and MERS (Count One); breach of contract against Countrywide, BOA, and SDE (Count Two); violations of the Fair Credit Reporting Act ("FCRA") against BOA (Count Three); breach of the covenant of good faith and fair dealing against BOA (Count Four); trespass against BOA (Count Five); and unjust

enrichment against BOA (Count Six).  After being served with process, Defendants removed the case on April 23, 2010 to the U.S. District Court for the Eastern District of Virginia.  [Dkt. 1.]  Defendants Countrywide, BOA, and MERS now move to dismiss Counts One and Six of the Complaint.  [Dkt. 5.]  Separately, Defendant SDE has moved to dismiss the Complaint as in relates to SDE in its entirety [Dkt. 2] or, in the alternative, SDE has moved for a more definite statement [Dkt. 3].  No timely opposition was filed by the Plaintiffs.  These motions are now before the Court.

## II. Standard of Review

A.  Rule 12(b)(6): Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted).  In deciding a Rule 12(b)(6) motion to dismiss, the Court is mindful of the liberal pleading standards under Rule 8, which require "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Thus, the Court takes "the material allegations of the complaint" as admitted and liberally construes the complaint in favor of plaintiffs.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  In addition to the complaint, the Court may also examine "documents

4

incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).

Although Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Courts will also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 2009 WL 5126224, *3 (4th Cir. 2009) (citing *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n. 26 (4th Cir. 2009)); *see also Ashcroft v. Iqbal*, 129 S.Ct 1937, 1951-52 (2009). In *Iqbal*, the Supreme Court expanded upon *Twombly* by articulating a two-pronged analytical approach to be followed in any Rule 12(b)(6) case. *Iqbal*, 129 S.Ct at 1951-52. First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a

"context-specific" analysis, drawing on "its judicial experience and common sense," and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Iqbal*, 129 S.Ct at 1950-51. Satisfying this "context-specific" test does not require "detailed factual allegations." *Nemet Chevrolet, Ltd.*, 2009 WL 5126224 at *4 (citing *Iqbal* at 1949-50 (quotations omitted)). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." *Id.*

B. <u>Rule 12(e): Motion for a More Definite Statement</u>

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more definite statements are not favored. *See, e.g., Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990) (denying a motion for a more definite statement where the court determined that the complaint was not so vague and ambiguous as to preclude the defendant from framing a responsive pleading). Rather, motions for more definite statements are "designed to strike at unintelligibility rather than simple want of detail," and will be granted "only

6

when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Id.* (quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985) and citing *Wilson v. United States*, 585 F. Supp. 202, 205 (M.D. Pa. 1984)); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398, 406 (E.D. Pa. 1981). In the event that such a motion is granted and the order is not obeyed, *i.e.*, a more definite statement is not entered, "the court may strike the pleading to which the motion was directed or make such order as it deems just" within ten days or whatever time the court allots. Fed. R. Civ. P. 12(e).

### III. Analysis

The Motion to Dismiss filed by Countrywide, BOA, and MERS is premised on different arguments than Defendant SDE's Motion to Dismiss and Motion for a More Definite Statement. The Court will address each motion in turn.

#### A. Motion to Dismiss filed by Defendants Countrywide, BOA, and MERS

Defendants Countrywide, BOA, and MERS argue that Count One ("Failure to Provide Proof of Standing to Foreclose") must be dismissed because Defendant White has standing to foreclose as the trustee under the Deed of Trust.[3] (Defs.' Motion to

---

[3] The Court notes that Count One is alleged against all Defendants but SDE.

7

Dismiss ("Defs.' Mot.") at 3.) Plaintiffs allege that the CLA has been securitized through a "Pooling and Servicing Agreement" ("PSA") and, in essence, that the PSA would function to prevent the foreclosure of the home by the trustee, White. (Compl. ¶ 66.)

To the extent that a cause of action exists for "Failure to Provide Proof of Standing to Foreclose" (Plaintiff does not cite to any statute or case law creating such a cause), Plaintiffs have not asserted facts sufficient to demonstrate that the trustee of the Deed of Trust, Defendant White, does not have such standing.[4] Under Virginia law, a Deed of Trust has a "grantor" (here, the Plaintiffs), a "grantee" (here, Countrywide) and a "trustee" (here, White). Va. Code § 55-58; (*See* Compl. ¶ 6). "Every deed of trust to secure debts or indemnify sureties is in the nature of a contract and shall be construed according to its terms to the extent not in conflict with the requirements of law." Va. Code § 55-59. Under a Deed of Trust, "legal title to real property is placed in one or more trustees, to secure the repayment of a sum of money or the performance of other conditions" of the borrower. *Williams v.*

---

[4] The Complaint asserts, without citation to any legal authority, that "to be enforceable," a "note cannot be subject to or governed by another record" and that the PSA "constitutes 'another record' that the original note is subject to. . . [and] none of the Defendants . . . can be considered persons entitled to enforce, holders, or holders in due course in connection with negotiable instruments in connection with the 2005 CLA." (Compl. ¶ 66.)

*First Federal Sav. and Loan Ass'n of Arlington*, 651 F.2d 910, 913 n.3 (4th Cir. 1981). "In the event of default in the payment of the debt secured . . . the trustee shall forthwith declare all the debts and obligations secured by the deed of trust at once due and payable and may take possession of the property and proceed to sell the same . . ." Va. Code § 55-58(7). Significantly, Plaintiffs specifically allege that Defendant White remains the trustee under the Deed of Trust. (Compl. ¶ 12.) Defendant White is the trustee of the Deed of Trust and is thus is charged under Virginia law with the power to foreclose on the property in accordance with Va. Code § 55-58(7). Plaintiffs have offered insufficient factual allegations, and as they have failed to oppose failed to offer any legal authority (and this Court has found none), to support the proposition that any actions by Defendants have divested White of his standing to foreclose.

Defendants next move to dismiss Count Six (unjust enrichment) which is alleged solely against BOA. "Under Virginia law, the elements of unjust enrichment are (1) the plaintiff's conferring of a benefit on the defendant, (2) the defendant's knowledge of the conferring of the benefit, and (3) the defendant's acceptance or retention of the benefit under circumstances that render it inequitable for the defendant to

9

retain the benefit without paying for its value." *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533 (E.D. Va. 2005). The Plaintiffs allege that BOA has unjustly enriched itself because BOA has "not proven their standing before initiating the foreclosure action" and because BOA "cashed Plaintiffs [sic] checks even as they were filing negative remarks in their credit report." (Compl. ¶¶ 104-106.) Defendants argue that, as no foreclosure sale has occurred, nor will one occur until this suit is resolved, Defendants have not yet been enriched and, as such, Plaintiffs have not adequately alleged an unjust enrichment claim. (Defs.' Mot. at 5.) Insofar as the unjust enrichment claim is premised on the foreclosure on the Property, this Court agrees.

Alternatively, the Defendants assert that the CLA between Defendants and the Plaintiffs supersedes any potential unjust enrichment claim "[b]ecause an action for unjust enrichment is quasi-contractual in nature [and so it] may not be brought in the face of an express contract." *Bright v. QSP, Inc.*, 20 F.3d 1300, 1306 (4th Cir. 1994) (quoting *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988)). The CLA is an undisputed express agreement between Plaintiffs and Countrywide (and BOA, if it is, as Plaintiffs allege, the successor in interest to Countrywide). Defendants argue that

the CLA governs the terms of the construction loan from Countrywide to Plaintiffs, and that the CLA should therefore determine whether it was appropriate for BOA to issue credit reports while allegedly accepting checks from the Plaintiffs. (Defs.' Mot. at 6.) This Court agrees and finds that, under the facts as pled, this issue is properly addressed in the already pending breach of contract allegation against BOA.

      B.    <u>Defendant SDE's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement</u>

Defendant SDE moves separately to dismiss all counts of the Complaint as they pertain to SDE, pursuant to Rule 12(b)(6). [Dkt. 2.] The basis of SDE's motion is that Plaintiffs alleged few, if any, factual allegations against SDE and further, have named SDE in only one count (Count Two) of the Complaint. (*See* SDE's Mot. to Dismiss ("SDE's Mot.") at 1-2.) Plaintiffs have not opposed.

The Complaint mentions SDE only four times, including one allegation against an entity identified as "the engineering firm of SDS [sic] Inc." (Compl. ¶¶ 9, 22, 81.) When identifying the counts of the Complaint by subheading, only Count Two (breach of contract) is alleged against SDE. (Compl. ¶¶ 78-84.) Neither of the first two paragraphs which specifically name SDE can be read to form the basis of any

11

claim.[5] The next two paragraphs addressing SDE form a part of Count Two of the Complaint and are simply legal conclusions.

The first such paragraph states that "SDE failed to exercise the appropriate standard of care and professional judgment when accomplishing the tasks as described in the employment contract between Plaintiff's [sic] and Defendant." (Compl. ¶ 81.) The second states that "SDE breached the duty owed to Plaintiffs by unlawfully failing to disclose or concealing material information in connection with the purchase of the Property." (Compl. ¶ 82.) At no point in the Complaint do the Plaintiffs allege that SDE was in any way involved with the lending activity that is the subject of Counts One, Three, Four, and Six, and the prayer for injunctive relief, nor do the Plaintiffs allege that SDE was in any way involved with the alleged trespass that is the subject of Count Five (alleged against BOA alone).

The contract at issue in the breach of contract claim comprising Count Two (the one claim that names SDE) appears to be "the employment contract between Plaintiff's [sic] and Defendant." (Compl. ¶ 81.) "The elements of a breach of contract action are (1) a legally enforceable obligation of a

---

[5] Paragraph nine simply identifies SDE as a party. (Compl. ¶ 9.) Paragraph twenty-two says that "SDS, [sic] Inc. submitted the necessary documents and plans for approval." (Compl. ¶ 22.)

defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (Va. 2009) (quoting *Filak v. George*, 267 Va. 612, 619 (Va. 2004)).  The Plaintiffs do not allege any facts as to the nature or substance of the alleged contract, when it was entered into, or whether it was written or oral – there is only a passing reference to its existence at all.  (Compl. ¶ 81.)  There are no allegations regarding what SDE's obligations under the alleged contract were/are and what action or inaction by SDE might have breached such obligations.  The Complaint merely states the Plaintiffs' unsupported legal conclusion that SDE breached an undefined contractual duty and thereby caused the Plaintiffs some unspecified damage.  (Compl. ¶¶ 81-83.)  Such conclusory allegations are insufficient to plausibly state a breach of contract claim against SDE.  *See Twombly*, 550 U.S. at 555.

Although not directly asserting it, the Complaint also appears to allege fraud against SDE for "failing to disclose or concealing material information." (Compl. ¶ 82.)  A complaint alleging fraud must allege with particularity the specific facts that support the claim.  Fed. R. Civ. P. 9(b); *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295 (Va. 1996).  The claim

must specifically state the facts in support of each element of fraud, which are (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (Va. 2006). Plaintiffs have not set forth any factual allegations that would support a claim of fraud.

Setting aside the conclusory allegations, the Plaintiffs' Complaint fails to set forth sufficient factual allegations to support a claim against SDE for breach of contract or any other any theory of recovery. As this Court will dismiss the Complaint against SDE, it need not reach the merits of SDE's alternative Motion for a More Definite Statement.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss filed by Defendants Countrywide, BOA, and MERS. [Dkt. 5,] the Court will grant Defendant SDE's Motion to Dismiss on all counts as they pertain to SDE [Dkt. 2,] and the Court will deny as moot Defendant SDE's Motion for a More Definite Statement [Dkt. 3.]

An appropriate Order will issue.

|  |  |
|---|---|
| June 14, 2010 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |