IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ABDUL FARID KHAIR, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )     1:10-cv-410 |
| | ) |
| COUNTRYWIDE HOME LOANS, INC., | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiffs' Motion for Voluntary Dismissal ("MVD"). [Dkt. 47.] For the following reasons, the Court will grant dismissal.

### I. Background

This matter arises out of a loan to Plaintiffs' for construction of a home. On December 22, 2005, Defendant Countrywide Home Loans, Inc. ("Countrywide") made a construction loan to Plaintiffs in the amount of $900,784.00 for the construction of a residence, and Defendant Bank of America, N.A. ("BOA") is allegedly the successor to Countrywide's rights and interests in this loan. Plaintiffs allegedly constructed the home but have been unable to obtain a certificate of occupancy due to environmental issues. Plaintiffs allegedly engaged

Defendant SDE, a Virginia engineering company, regarding these environmental issues, and SDE's performance was allegedly unsatisfactory.  Regardless, Defendants are now holding Plaintiffs in default on the loan.

On March 30, 2010, Plaintiffs sued Defendants in Fairfax County Circuit Court, and on April 23, 2010, Defendants removed the case to this Court.  Plaintiffs originally claimed six counts for relief; however, on June 14, 2010, this Court granted dismissal of Counts One and Six.  The Court also granted Defendant SDE's motion to dismiss, which was unopposed.  The remaining counts, then, are Count Two (breach of contract), Count Three (Violation of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681), Count Four (Violation of Covenant of Good Faith and Fair Dealing), and Count Five (Trespass).  At the close of discovery, Defendants moved for summary judgment on these counts on January 18, 2011.  [Dkt. 37.]

Plaintiffs' counsel filed a brief in opposition on February 2, 2011.  [Dkt. 38.]  The opposition brief failed to cite any evidence from the record in this case.  Thus, under Local Rule of Civil Procedure 56(b), this Court would have been permitted to take as true Defendants' version of the facts.

On February 5, 2011, Plaintiffs retained an additional attorney.  Seeing the state of Plaintiffs' previously filed opposition brief, he immediately "started writing," and in just

two days filed a supplemental opposition brief [Dkt. 42] that included citations to the record, significant additional legal arguments, and over a hundred pages of backup material (much of which had never been turned over in discovery). His motion introduced a completely new theory for Defendants' liability. It argued that, after the construction loan's original twelve month period expired, and after the parties' three month extension expired, the loan was orally extended again for some indefinite period until the environmental issues could be dealt with. Defendants argue that no such oral agreement was made.

This Court held a teleconference on February 8, 2011, regarding the supplemental opposition brief, and, for reasons explained on the call, denied leave to file the supplemental brief. Thus, Plaintiffs' first brief in opposition to summary judgment remains their only brief. No doubt with this in mind, on February 9, 2011, Plaintiffs moved for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). That motion is before the Court.

## II. Analysis

Federal Rule of Civil Procedure 41(a)(2) provides that once the opposing party has filed a summary judgment motion, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The primary force of 41(a)(2) is to empower district courts to exercise

3

discretion over voluntary dismissals." *Go Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007). And the "purpose of Rule 41(a)(2) is to freely allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "A district court should grant a Rule 41(a)(2) motion absent plain legal prejudice to the defendant." *Bridge Oil, Ltd. V. Green Pacific A/S*, 321 F. App'x 244, 245 (4th Cir. 2008).

The Fourth Circuit has identified four general factors this Court will consider regarding the question of prejudice: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Teck Gen. Pshp. V. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998) (citing *Gross v. Spies*, 133 F.3d 914, (4th Cir. 1998)). But a party's having filed a summary judgment motion or the prospect of a subsequent lawsuit do not constitute plain legal prejudice of the sort to defeat a Rule 41(a)(2). *Bridge Oil*, 321 F. App'x at 245.

Plaintiffs argue that more experienced co-counsel is needed in this case and that the record in this case has not been sufficiently developed to permit a fair adjudication of the

4

merits.  Plaintiffs cite two alleged deficiencies: the unavailability of Rhett Duncan, Plaintiffs' primary point of contact at Bank of America during the period of the alleged loan extension, who is currently on military deployment; and the suspicion that Bank of America "has not produced records, including electronic discovery, in the form of Mr. Duncan's notes of conversations with the plaintiffs that may also be highly probative of the loan extension issue."  Additionally, Plaintiffs seemingly intend to file a new complaint against Defendant SDE if dismissal is granted.

With this in mind, this Court considers the four general factors in determining whether dismissal will cause substantial prejudice.  First, the opposing parties' efforts and expense in this case have seemingly been moderate; consisting of a motion to dismiss, fairly light discovery, and litigation regarding summary judgment.  Moreover, any prejudice from discovery can be minimized here by permitting its use in subsequent litigation.  *Davis*, 819 F.2d at 1276.  And skipping to the fourth factor, it is true that a summary judgment motion is pending in this case, although that alone is not sufficient to warrant a denial of dismissal.  *Bridge Oil*, 321 F. App'x at 245.

That leaves the second and third factors: excessive delay or lack of diligence by the movant, and explanation of the

5

need for dismissal.  Here, upon realization of the deficiencies in the current record, Plaintiffs' new attorney worked with (remarkable) diligence to rectify the situation.  And it appears beyond dispute that the record with regard to the alleged loan extension is lacking, a fact that can only be corrected at this stage of the case by dismissal.  The Court therefore finds that the factors do not indicate substantial prejudice or weigh in favor of dismissal, subject to the condition that the Court will allow all depositions and discovery that have already occurred in this case to be retained for use in any future case filed by Plaintiffs against the Defendants in this matter.  *See Dodson v. DHI Mort. Co.*, No. 1:07cv770, 2007 WL 4268903, at *2 (E.D. Va. Nov. 30, 2007).

### III. Conclusion

For the reasons stated above, the Court will grant Plaintiffs' Motion for Voluntary Dismissal.


February 10, 2011                         _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                        UNITED STATES DISTRICT COURT JUDGE